UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Jimmy G. Blakely, #255623, | ) C/A No. 4:06-1067-MBS-TER |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) |
| | ) Report and Recommendation |
| Jon Ozmint, Dir.; | ) |
| Warden W. White; | ) |
| Nurse Practioner Greeco; | ) |
| Head Nurse Brown, | ) |
| | ) |
| Defendants. | ) |

Plaintiff has filed this matter pursuant to 42 U.S.C. § 1983 against South Carolina Department of Corrections (SCDC) employees. He states that he in not receiving the proper amount of medication for his diabetes. He attempts to support this allegation by referencing a 2002 medication administration record which he has submitted along with his complaint as "Exhibit A". Plaintiff further alleges his inability to receive proper medical care stems from a conspiracy to kill him "making it appears as a medical condition that just was fatal. This would be a near perfect cover-up." He states "[i]t was only after plaintiff filed civil active (sic) against Warden White ...that the unexpected change in medication occurred." Plaintiff seeks a "...90 days medical release, in order to seek medical treatment."

Under established local procedure in this judicial district, a careful review has been made of the *pro se* complaint pursuant to 28 U.S.C. § 1915 (as amended); 28 U.S.C. § 1915A; and other

dockets.Justia.com

provisions in the Prison Litigation Reform Act. The review has been conducted in light of the following precedents: Denton v. Hernandez, 504 U.S. 25, 118 L.Ed.2d 340, 112 S.Ct. 1728 (1992); Neitzke v. Williams, 490 U.S. 319 (1989); Haines v. Kerner, 404 U.S. 519, 520-521 (1972); Nasim v. Warden, Maryland House of Correction, 64 F.3d 951 (4th Cir., September 15, 1995)(*en banc*), *cert. denied*, 64 U.S.L.W. 3623, 134 L.Ed.2d 219, 116 S.Ct. 1273 (U.S., March 18, 1996); Todd v. Baskerville, 712 F.2d 70 (4th Cir. 1983); and Boyce v. Alizaduh, 595 F.2d 948 (4th Cir. 1979). This court is required to construe *pro se* complaints liberally. Such *pro se* complaints are held to a less stringent standard than those drafted by attorneys, Gordon v. Leeke, 574 F.2d 1147, 1151 (4th Cir.), *cert. denied*, Leeke v. Gordon, 439 U.S. 970 (1978), and a federal district court is charged with liberally construing a complaint filed by a *pro se* litigant to allow the development of a potentially meritorious case. *See* Hughes v. Rowe, 449 U.S. 5, 9 (1980); and Cruz v. Beto, 405 U.S. 319 (1972). When a federal court is evaluating a *pro se* complaint the plaintiff's allegations are assumed to be true. Fine v. City of New York, 529 F.2d 70, 74 (2nd Cir. 1975). Even under this less stringent standard, the above-captioned case is subject to summary dismissal. The requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim cognizable in a federal district court. Weller v. Department of Social Services, 901 F.2d 387 (4th Cir. 1990).

It is not necessary for the Court to reach the issues presented in the above-captioned matter as it is clear that this action is subject to dismissal pursuant to 28 U.S.C. § 1915(g) [the Prison

Litigation Reform Act].[1]  *See* Civil Action No. 0:98-885; Civil Action No. 0:98-1085; Civil Action No. 0:98-1221; Civil Action No. 4:98-2252; Civil Action No. 0:98-2313; Civil Action No. 0:98-2468; Civil Action No. 0:98-2875; Civil Action No. 0:98-2978; and Civil Action 4:00-967.  The undersigned does not find that the Plaintiff's claims herein fall within the "physical injury" exception to the "Three Strikes" Rule; therefore, Plaintiff's case is subject to dismissal under that Rule. 28 U.S.C. § 1915(g); Green v. Nottingham, 90 F.3d 415, 417-420 (10th Cir. 1996) [three strikes provision of 28 U.S.C. § 1915(g) can be applied retroactively]; cf. In re Sargent, 136 F.3d 349 (4th Cir. 1998).

The Congress has determined that prisoners subject to the "three strikes" rule have no remedy for actions that do not place them under the imminent danger of serious physical injury.  *See* Banos v. O'Guin, 144 F.3d 883 (5th Cir.1998)(to avoid bar under imminent danger exception to "three-strikes" provision, prisoner must be in imminent danger at time he seeks to file suit in district court, rather than at time of the alleged incident that serves as basis for the complaint):

> In light of these three "strikes," Banos cannot proceed on appeal IFP unless the statutory exception applies, that is, unless he "is under imminent danger of serious physical injury." § 1915(g); *see* Adepegba v. Hammons, 103 F.3d 383, 388 (1996). This case requires us to determine what showing must be made by a plaintiff who

---

[1] 28 U.S.C. § 1915(g) provides:
> (g) in no event shall a prisoner bring a civil action or appeal a judgement in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

3

asserts that he should be allowed to proceed IFP because he is in imminent danger of serious physical injury. The plain language of the statute leads us to conclude that a prisoner with three strikes is entitled to proceed with his action or appeal only if he is in imminent danger at the time that he seeks to file his suit in district court or seeks to proceed with his appeal or files a motion to proceed IFP. See § 1915(g).

The only other circuit that has addressed this issue came to a different conclusion. The Third Circuit, in Gibbs v. Roman, 116 F.3d 83 (3rd Cir.1997), held that an inmate filing a complaint pursuant to § 1915(g) must allege imminent danger at the time of the alleged incident that serves as the basis of the complaint rather than at the time the complaint was filed. Gibbs, 116 F.3d at 86. We read the statute to require the inquiry concerning the prisoner's danger to be made at the time of the IFP motion.

In revising § 1915, the 104th Congress intended to discourage the filing of frivolous IFP law suits. *See* H.R.REP., No. 104-21, § 202, at 22 (1995). Congress designed the new IFP provision to require every IFP litigant to pay the requisite filing fees in full. 28 U.S.C. § 1915(b). However, IFP status allows an indigent litigant to make periodic partial payments as his ability to pay allows and does not require full payment before the litigation goes forward. Id. If a litigant abuses the IFP privilege, as evidenced by three "strikes" (dismissals for frivolousness), § 1915(g) has the effect of delaying litigation of the merits of a claim until the fee is paid in full. * * * When such a delay threatens "imminent danger of serious physical injury," the litigant will be granted IFP status in spite of his past abuse and allowed to pay out his filing fee obligations. In order to implement this statutory scheme, we must determine if danger exists at the time the plaintiff seeks to file his complaint or notice of appeal IFP. Likewise, the language of § 1915(g), by using the present tense, clearly refers to the time when the action or appeal is filed or the motion for IFP status is made.

Applying this standard to Banos, we conclude that he is not entitled to proceed with this appeal IFP. He has not alleged, much less established, that he faced imminent danger of serious physical injury at the time that his notice of appeal was filed. We therefore REVOKE his IFP status and dismiss his appeal. The appeal may be reinstated if Banos pays the appeal fees within thirty days of this dismissal.

Banos v. O'Guin, 144 F.3d at 884-885 (footnote omitted from quotation). *See also* Witzke v. Hiller, 966 F. Supp. 538, 539 (E.D.Mich. 1997)(district court may dismiss case *sua sponte* under "three-strikes" provision), *reconsideration denied*, 972 F. Supp. 426 (E.D.Mich. 1997).

4

Based on the facts as presented by the plaintiff, in light of the aforementioned cases, the plaintiff was not in imminent danger of serious physical injury when he delivered the pleadings in this case to prison officials for mailing on April 3, 2006.

## RECOMMENDATION

Accordingly, it is recommended that the District Court dismiss the complaint in the above-captioned case *without prejudice* and without issuance and service of process. *See* Denton v. Hernandez, supra; Neitzke v. Williams, supra; Haines v. Kerner, supra; Brown v. Briscoe, 998 F.2d 201, 202-204 & n. * (4th Cir. 1993), *replacing* unpublished opinion originally tabled at 993 F.2d 1535 (4th Cir. 1993); Boyce v. Alizaduh, supra; Todd v. Baskerville, supra, 712 F.2d at 74; 28 U.S.C. § 1915(e)(2)(B); and 28 U.S.C. § 1915A[as soon as possible after docketing, district courts should review prisoner cases to determine whether they are subject to summary dismissal]. ***The plaintiff's attention is directed to the important notice on the next page.***

                                                s/Thomas E. Rogers, III
                                                Thomas E. Rogers, III
Florence, South Carolina                United States Magistrate Judge
May 5, 2006

### Notice of Right to File Objections to Magistrate Judge's "Report and Recommendation"
### &
### The Serious Consequences of a Failure to Do So

The parties are hereby notified that any objections to the attached Report and Recommendation (or Order and Recommendation) must be filed within ten (10) days of the date of service. 28 U.S.C. § 636 and Fed. R. Civ. P. 72(b). The time calculation of this ten-day period excludes weekends and holidays and provides for an additional three days for filing by mail. Fed. R. Civ. P. 6. A magistrate judge makes only a recommendation, and the authority to make a final determination in this case rests with the United States District Judge. *See* Mathews v. Weber, 423 U.S. 261, 270-271 (1976); and Estrada v. Witkowski, 816 F. Supp. 408, 410, 1993 U.S.Dist. LEXIS® 3411 (D.S.C. 1993).

During the ten-day period for filing objections, but not thereafter, a party must file with the Clerk of Court specific, written objections to the Report and Recommendation, if he or she wishes the United States District Judge to consider any objections. Any written objections must *specifically identify* the portions of the Report and Recommendation to which objections are made *and* the basis for such objections. *See* Keeler v. Pea, 782 F. Supp. 42, 43-44, 1992 U.S.Dist. LEXIS® 8250 (D.S.C. 1992); and Oliverson v. West Valley City, 875 F. Supp. 1465, 1467, 1995 U.S.Dist. LEXIS® 776 (D.Utah 1995). Failure to file written objections shall constitute a waiver of a party's right to further judicial review, including appellate review, if the recommendation is accepted by the United States District Judge. *See* United States v. Schronce, 727 F.2d 91, 94 & n. 4 (4th Cir.), *cert. denied*, Schronce v. United States, 467 U.S. 1208 (1984); and Wright v. Collins, 766 F.2d 841, 845-847 & nn. 1-3 (4th Cir. 1985). Moreover, if a party files specific objections to a portion of a magistrate judge's Report and Recommendation, but does not file specific objections to other portions of the Report and Recommendation, that party waives appellate review of the portions of the magistrate judge's Report and Recommendation to which he or she did not object. In other words, a party's failure to object to one issue in a magistrate judge's Report and Recommendation precludes that party from subsequently raising that issue on appeal, even if objections are filed on other issues. Howard v. Secretary of HHS, 932 F.2d 505, 508-509, 1991 U.S.App. LEXIS® 8487 (6th Cir. 1991). *See also* Praylow v. Martin, 761 F.2d 179, 180 n. 1 (4th Cir.)(party precluded from raising on appeal factual issue to which it did not object in the district court), *cert. denied*, 474 U.S. 1009 (1985). In Howard, supra, the Court stated that general, non-specific objections are *not* sufficient:

> A general objection to the entirety of the [magistrate judge's] report has the same effects as would a failure to object. The district court's attention is not focused on any specific issues for review, thereby making the initial reference to the [magistrate judge] useless. * * * This duplication of time and effort wastes judicial resources rather than saving them, and runs contrary to the purposes of the Magistrates Act. * * * We would hardly countenance an appellant's brief simply objecting to the district court's determination without explaining the source of the error.

*Accord* Lockert v. Faulkner, 843 F.2d 1015, 1017-1019 (7th Cir. 1988), where the Court held that the appellant, who proceeded *pro se* in the district court, was barred from raising issues on appeal that he did not specifically raise in his objections to the district court:

> Just as a complaint stating only 'I complain' states no claim, an objection stating only 'I object' preserves no issue for review. * * * A district judge should not have to guess what arguments an objecting party depends on when reviewing a [magistrate judge's] report.

*See also* Branch v. Martin, 886 F.2d 1043, 1046, 1989 U.S.App. LEXIS® 15,084 (8th Cir. 1989)("no de novo review if objections are untimely or general"), which involved a *pro se* litigant; and Goney v. Clark, 749 F.2d 5, 7 n. 1 (3rd Cir. 1984)("plaintiff's objections lacked the specificity to trigger *de novo* review"). This notice, hereby, apprises the plaintiff of the consequences of a failure to file specific, written objections. *See* Wright v. Collins, supra; and Small v. Secretary of HHS, 892 F.2d 15, 16, 1989 U.S.App. LEXIS® 19,302 (2nd Cir. 1989). Filing by mail pursuant to Fed. R. Civ. P. 5 may be accomplished by mailing objections addressed as follows:

Larry W. Propes, Clerk
United States District Court
Post Office Box 2317
Florence, South Carolina 29503
